IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MALIK NASIR, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-1111-CFC |
| JOSEPH LIBERTO, | : |
| Defendant. | : |

Malik Nasir, Dover, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 7, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On October 6, 2023, Plaintiff Malik Nasir filed his *pro se* Complaint in this matter. (D.I. 2) He has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

In December 2015, Nasir was arrested after search warrants were executed by Delaware State Troopers at several locations associated with him, including his house, his vehicles, and a storage locker, and marijuana was discovered in all of those locations. At issue in this lawsuit is the search of a storage locker in which three kilograms of marijuana were found. Nasir unsuccessfully sought to suppress all of the marijuana. Following a June 2017 jury trial, Nasir was convicted on three counts, including possession of marijuana with intent to distribute, In 2018, he was sentenced to 210 months in prison. His sentence was ultimately reduced to 100 months on appeal due to the misapplication of a career offender sentencing enhancement. *See United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (en banc).

In this lawsuit, Nasir brings a Fourth Amendment claim against the owner of the storage locker facility, related to the search of the storage locker, and requests damages resulting from pain, suffering, and damage to his mental health and reputation.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling

2

on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Nasir's Complaint must be dismissed for several reasons. First, it is untimely. The statute of limitations on his Fourth Amendment claim began to run when legal process was initiated against him in 2015 or 2016. *See Wallace v. Kato*, 549 U.S. 384, 388-91 (2007). The Court construes Nasir's claim as having been brought under 42 U.S.C. § 1983, the statute of limitations for which is two years. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (noting that for purposes of the statute of limitations that 42 U.S.C. § 1983 claims are characterized as personal injury actions); *see also* 10 Del. C. § 8119 (personal injury actions in Delaware subject to two-year statute of limitations). Accordingly, the statute of limitations expired well before Nasir filed his Complaint in October 2023.

Furthermore, to state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. The sole named Defendant, the owner of a storage locker facility, is not a state actor for purposes of § 1983, and therefore Nasir has no colorable claim against him.

4

Finally, naming a proper defendant and any possible tolling of the statute of limitations would not save Nasir's Fourth Amendment claim. The Third Circuit has held that "§ 1983 plaintiffs alleging arrest and prosecution absent probable cause may bring malicious prosecution claims under the Fourth Amendment, but are entitled to relief only if they are innocent of the crime for which they were prosecuted." *Washington v. Hanshaw*, 552 F. App'x 169, 173 (3d Cir. 2014) (citing *Hector v. Watt*, 235 F.3d 154, 156 (3d Cir. 2000)). Along these lines, the Third Circuit has explained that "[t]he evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all." *Hector*, 235 F.3d at 156 (quotation omitted). Accordingly, victims of an unconstitutional search or seizure "may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." *Id.* (quotation omitted).

Even assuming, arguendo, that Plaintiff could establish that the search of the storage locker violated his Fourth Amendment rights, he did not suffer physical injury, property damage, or injury to his reputation, in light of the fact that

marijuana which he was convicted of possessing was discovered in his home and vehicles as well. For this reason, amendment is futile.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint. Amendment is futile.

This Court will issue an Order consistent with this Memorandum Opinion.